UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

www.flsb.uscourts.gov

In re:                                             Case No: 11-42255-AJC
                                                   Chapter 13

Ronald Montoya
Katia Montoya

          Debtor,
_____/


**MOTION OF CREDITOR, PNC MORTGAGE FOR LEAVE TO AMEND CLAIM 11-1, OR IN THE ALTERNATIVE, MOTION TO WITHDRAWAL CLAIM 11-1 AND FOR LEAVE TO FILE A LATE PROOF OF CLAIM OR DEEM CREDITOR'S CLAIM AN INFORMAL ONE**

    Now comes PNC Mortgage and moves to correct Claim 11-1, or in the alternative, to withdrawal Claim 11-1 and for leave to file a late proof of claim for the reasons listed in the attached Memorandum in Support.

                                                      Weltman, Weinberg & Reis Co., L.P.A.
                                                      Attorney for PNC Bank, N.A.
                                                      3705 Marlane Drive
                                                      Grove City, OH 43123
                                                      Tel:  614/801-2619
                                                      Fax:  614/801-2601
                                                      jmccandlish@weltman.com

                                                      /s/ Joseph M. McCandlish
                                                      Joseph M. McCandlish, Esq.
                                                      FBN: 13731

**MEMORANDUM IN SUPPORT OF MOTION**

On February 6, 2012, Claim No. 11-1 was filed listing a creditor of "Washington Mutual MSC". This was an error, as the mortgagee was and is PNC Bank, N.A (PNC), (fka National City Mortgage Co.).

On October 23, 2014, the arrears were disallowed by order of this court [Doc. 84].

PNC has filed several Notices of Payment Change, in the name of PNC Mortgage. Recently, it has come to PNC's attention that the claim was filed with the incorrect creditor listed.

"Ordinarily, amendment of a proof of claim is freely permitted so long as the claim initially provided adequate notice of the existence, nature and amount of the claim as well as the creditor's intent to hold the estate liable." In re Unioil, Inc., 962 F. 2d 988 (10th Cir. 1992) citing In re Int'l Horizons, Inc., 751 F.2d 1213, 1216-17 (11th Cir. 1985). In Unioil, H.E. Elledge filed a proof of claim, without disclosing the existence of a trust that was technically the proper creditor. Id. at 990. After the claims deadline expired, Elledge moved to amend the claim to reflect the proper creditor, of which he was trustee: 270 Corporation Profit Sharing Plan and Trust. Prior to amending the claim, he had joined another objection to Unioil's reorganization plan, identifying himself as "a/k/a 270 Corporation". Finding the original "claim was adequate in these respects [(existence, nature, and amount)] and that its *content* was unaltered by the requested amendment", the Tenth Circuit permitted amending the claim from the incorrect creditor H.E. Elledge, to the name of the Trust. Id. at 992 (italics in original).

Additionally, "The Court of Appeals for the Eleventh Circuit has specifically adopted the informal proof of claim doctrine." In re Castellon, 2013 Bankr. LEXIS 3399 (Bankr. SD. Fla. Aug. 20, 2013) referencing In re Charter Co. 876 F.2d 861 (11th Cir. 1989). The purpose of this

doctrine is to provide an equitable remedy to correct "problems with form over substance." Id. at *5.  "To constitute an informal proof of claim, the creditor must file a formal pleading that 'apprises the court of the existence, nature and amount of the claim [… and a clear…] intention to hold the debtor liable for the claim.'" Id. at *6, quoting Charter, 876 F.2d at 863-64.  The court in Castellon found an informal claim to exist, where the creditor had moved for relief from stay and the motion apprised the court of the details of the claim, had filed a state court action pre-petition to enforce obligations against the debtors, and had referenced that state court action in its motion for relief from stay.  Id. at *8.

In the within case, Creditor's claim attached the correct note and mortgage, specifically identifying Creditor's predecessor-in-interest.  Creditor filed several notices of payment change.  There was an objection to claim, but only as to the arrears.  A copy of the Note with the assignment to National City Bank from National City Mortgage Co. is attached hereto as Exhibit A. Merger documents showing the relationship between National City Bank and PNC Bank, N.A. are attached as exhibit B.

The documents provided adequate notice of the amount, existence, and nature of the claim, as well as Creditor's expectation to hold Debtors liable.

Wherefore, Creditor moves for an order permitting it to amend its proof of claim number 11-1.  In the alternative, Creditor moves for an order deeming an informal proof of claim to be timely filed.

Dated: <u>April 5, 2016</u>             Weltman, Weinberg & Reis Co., L.P.A.
                                        Attorney for PNC Mortgage
                                        3705 Marlane Drive
                                        Grove City, OH 43123
                                        Tel:  614/801-2619
                                        Fax:  614/801-2601
                                        jmccandlish@weltman.com

                                        <u>/s/ Joseph M. McCandlish</u>
                                        Joseph M. McCandlish, Esq.
                                        FBN: 13731


**I HEREBY CERTIFY** that a true copy of the foregoing has been served by United States first class postage prepaid on April 5, 2016 to the following:

Ronald Montoya and Katia Montoya**,** 14954 SW 15 Lane, Miami, FL 33194

And by electronic transmission to:

Robert Sanchez, Esq., Counsel for Debtor

Nancy K. Neidich, Chapter 13 Trustee

United States Trustee

                                        Weltman, Weinberg & Reis Co., L.P.A.
                                        Attorney for PNC Mortgage
                                        3705 Marlane Drive
                                        Grove City, OH 43123
                                        Tel:  614/801-2619
                                        Fax:  614/801-2601
                                        jmccandlish@weltman.com

                                        <u>/s/ Joseph M. McCandlish</u>
                                        Joseph M. McCandlish, Esq.
                                        FBN: 13731


WWR#20819608