6817

EXHIBIT "A"

# NOTE

May 12, 2004                                      PEMBROKE PINES                          FL
[Date]                                                [City]                               [State]

14954 SW 15TH LN, MIAMI, Florida 33194

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 266,350.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **National City Mortgage Co dba Commonwealth United Mortgage Company**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.625 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on July 1st 2004. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on June 1 2034, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **National City Mortgage Co., P O Box 17677, Baltimore, MD 21297-1677** or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,533.27.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

FLORIDA FIXED RATE NOTE -Single Family- **Fannie Mae/Freddie Mac** UNIFORM INSTRUMENT

-5N(FL) (0005)         Form 3210 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3         Initials:

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.00** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## 11. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
KATIA J MONTOYA                  -Borrower
████9789

_____ (Seal)
RONALD MONTOYA                   -Borrower
████5106

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

[Sign Original Only]

VMP -5N(FL) (0005)          Page 3 of 3              Form 3210 1/01

PAY TO THE ORDER OF
NATIONAL CITY BANK
WITHOUT RECOURSE
NATIONAL CITY MORTGAGE CO.
dba/ COMMONWEALTH UNITED MORTGAGE COMPANY
MELISSA C. McKITRICK
LOAN REVIEW ADMINISTRATOR

PAY TO THE ORDER OF
WITHOUT RECOURSE
NATIONAL CITY BANK

DANA ████
DOCUMENT CUSTODY SPECIALIST

EXHIBIT "B"



# CERTIFICATE

The undersigned, Janet L. Deringer, Assistant Secretary of PNC Bank, National Association, does hereby certify as follows:

1. Effective December 31, 2008, National City Corporation merged with and into The PNC Financial Services Group, Inc. and National City Bank became a wholly owned subsidiary of The PNC Financial Services Group, Inc. Prior to this merger, National City Bank was a wholly owned subsidiary of National City Corporation.

2. Effective as of November 6, 2009, National City Bank was merged with and into PNC Bank, National Association (see Exhibit "A" for the official certification from the United States Office of the Comptroller of the Currency dated November 6, 2009) and National City Real Estate Services LLC became a wholly owned subsidiary of PNC Bank, National Association. Prior to this merger, National City Real Estate Services LLC was a wholly owned subsidiary of National City Bank.

3. Effective November 7, 2009, a Certificate of Dissolution to dissolve National City Real Estate Services LLC was filed with the State of Ohio (attached hereto as Exhibit "B").

4. PNC Bank, National Association is a wholly owned subsidiary of PNC Bancorp, Inc. PNC Bancorp, Inc. is a wholly owned subsidiary of The PNC Financial Services Group, Inc.

5. PNC Bank, National Association is a duly organized and existing national banking association (Charter Number 1316) having its main office located at 222 Delaware Avenue, Wilmington, Delaware 19801 and using federal Employer Identification Number 22-1146430.

IN WITNESS WHEREOF, the undersigned has hereunto set her hand and affixed the seal of this Association this 16th day of November, 2010.

_Janet L. Deringer_
Janet L. Deringer

Member of The PNC Financial Services Group

One PNC Plaza  249 Fifth Avenue  Pittsburgh  Pennsylvania  15222 2707
M:\BOARD\CERT\CERTS BY ENTITY\NATIONAL CITY\NATIONAL CITY REAL ESTATE SERVICES LLC.doc

EXHIBIT A



Comptroller of the Currency
Administrator of National Banks

| | |
|---|---|
| Northeastern District Office | Licensing Division |
| 340 Madison Avenue, 5th Floor | Telephone: (212)790-4055 |
| New York, New York 10173-0002 | Fax: (301) 333-7015 |

November 6, 2009

James S. Keller
Chief Regulatory Counsel
The PNC Financial Services Group, Inc.
249 Fifth Avenue
One PNC Plaza. 21st Floor
Pittsburgh, Pennsylvania 15222-2707

Re: Application to merge National City Bank, Cleveland, Ohio, with and into PNC Bank, National Association, Wilmington, Delaware under the charter and title of the latter.
Control No: 2009 NE 02 0017            Charter No: 1316

Dear Mr. Keller:

This letter is the official certification of the Comptroller of the Currency to merge National City Bank, Cleveland, Ohio ("NCB"), with and into PNC Bank, National Association, Wilmington, Delaware ("PNC Bank"), effective as of close of business on November 6, 2009. The resulting bank's title is PNC Bank, National Association, charter number 1316.

This is also the official authorization given to PNC Bank, the resulting bank, to operate branches of NCB as branches of the resulting bank. Branches of a national bank target are automatically carried over to the resulting bank and retain their current OCC branch numbers.

We understand that upon consummation, the capital surplus of PNC Bank will increase. Within 30 days following consummation, please provide this office with the exact dollar amount of the capital change so that we may issue our letter certificating the capital increase.

If the combination does not occur as represented in your letter of October 26, 2009, this certification must be returned to the OCC. Following consummation of the merger, please return the charter certificate for NCB so that we may properly close our files for this bank.

Sincerely,

Sandya Reddy
Acting Director for District Licensing

EXHIBIT B

Doc ID --> 200930300042

| DATE: | DOCUMENT ID | DESCRIPTION | FILING | EXPED | PENALTY | CERT | COPY |
|---|---|---|---|---|---|---|---|
| 10/30/2009 | 200930300042 | DISSOLUTION/LIMITED LIABILITY COMPANY (LDS) | 50.00 | 200.00 | .00 | .00 | .00 |

**Receipt**
This is not a bill. Please do not remit payment.

CT CORPORATION SYSTEM
4400 EASTON COMMONS WAY, SUITE 125
ATTN: TIMOTHY ROBERSON
COLUMBUS, OH 43219

---

# STATE OF OHIO
## CERTIFICATE
**Ohio Secretary of State, Jennifer Brunner**

1664086

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**NATIONAL CITY REAL ESTATE SERVICES LLC**

and, that said business records show the filing and recording of:

Document(s)
**DISSOLUTION/LIMITED LIABILITY COMPANY**

Document No(s):
**200930300042**



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 7th day of November, A.D. 2009.

*Jennifer Brunner*

Ohio Secretary of State

Page 1

Doc ID --> 200930300042



Prescribed by:
The Ohio Secretary of State
Central Ohio: (614) 466-3910
Toll Free: 1-877-SOS-FILE (1-877-767-3453)

www.sos.state.oh.us
e-mail: busserv@sos.state.oh.us

Expedite this Form: (select one)
☑ Yes — PO Box 1390, Columbus, OH 43216 ** Requires an additional fee of $100 **
☐ No — PO Box 1329, Columbus, OH 43216

## CERTIFICATE OF DISSOLUTION OF LIMITED LIABILITY COMPANY/ CANCELLATION OF FOREIGN LLC
*(Domestic or Foreign)*
Filing Fee $50.00

**(CHECK ONLY ONE (1) BOX)**

(1) ☒ Domestic Limited Liability Company (140-LDS)
(2) ☐ Foreign Limited Liability Company (St1-FS)

**Complete the general information in this section for the box checked above.**

Name of Limited Liability Co.: National City Real Estate Services LLC
Ohio Registration Number: 1664086

**Complete the information in this section if box (1) is checked.**

An Ohio Limited Liability Company, hereby certifies that said Limited Liability Company was or shall be dissolved as of November 7, 2009
(Date)

**Complete the information in this section if box (2) is checked.**

The undersigned limited liability company hereby certifies that it is no longer transacting business in the state of Ohio.

FIRST: The name of the limited liability company in its state of organization or registration is:
_____

SECOND: The name under which the limited liability company registered to transact business in Ohio is:
_____

THIRD: The limited liability company is formed under the laws of the state/country of: _____ (state or country)

FOURTH: The limited liability company _____ the authority of its registered agent to accept service of process, notices and demands on its behalf.
*(Please enter does revoke or does not revoked below)*

*If the authority of the limited liability company's statutory agent is revoked, then item fifth must be completed.*

552    Page 1 of 2    Last Revised: May 2002

Doc ID --> 200930300042

Complete the information in this section if box (2) is checked Cont.

**FIFTH:** The address to which a person may mail a copy of any process, notice, or demand against the company is:

_____
(street address)

NOTE: P.O. Box Addresses are NOT acceptable.

_____
(city, township, or village)     (state)     (zip code)

If this mailing address changes in the future, the limited liability company hereby agrees to notify the Ohio secretary of state of such change.

**REQUIRED**
Must be authenticated (signed)
by an authorized representative

_Authorized Representative_
Philip D. Cunningham, VP
(Print Name)
President

October 21, 2009
Date

592                                Page 2 of 2                                Last Revised: May 2002